KRAVITCH, Circuit Judge,
concurring in part, dissenting in part:
The majority holds that the St. John’s County Ordinance runs afoul of the First Amendment in two separate ways. Frist, the ordinance creates an unacceptable pri- or restraint on speech by placing too much discretion in the county administrators in accepting or rejecting sign licenses. Second, the ordinance favors commercial over non-commercial speech, thereby, disfavoring core political speech. Although I agree with the legal standards announced in the majority opinion, I disagree, in part, with the application of these standards to the ordinance at issue here. Specifically, in my view, the ordinance establishes sufficiently explicit and objective standards for reviewing sign applications and thus does not vest administrators with unbridled discretion. In addition, the ordinance provides less protection for non-commercial speech only with regard to on-premise signs. Therefore, I respectfully concur only in part with the majority’s holding.
I. Prior Restraint Analysis
As the majority correctly states, county administrators may not have unbridled discretion to determine who can announce their commercial and non-commercial viewpoints. See City of Lakewood v. Plain Dealer Publ’g Co., 486 U.S. 750, 108 S.Ct. 2138, 100 L.Ed.2d 771 (1988). For instance, in City of Lakewood, the Supreme Court determined that a city plan, which allowed the mayor to determine unilaterally which newspapers could place newsracks on city streets and only required him to provide a reason for any denials, was an impermissible prior restraint because it vested too much discretion with the mayor. Id. at 753-60, 108 S.Ct. at 2142-46. There, the Supreme Court required “that the city establish neutral criteria to insure that the licensing decision is not based on the content or viewpoint of the speech being considered.” Id. at 760, 108 S.Ct. at 2146.
Here, St. John’s County has established neutral criteria for making its licensing decisions. The sign code is extensive and regulates the number, size, and construction of signs. The county has a legitimate state interest in regulating signs for traffic, safety, and aesthetic reasons, and, thus, it can establish a licensing procedure that limits the signs on these bases. See Metromedia v. City of San Diego, 453 U.S. 490, 502-03, 101 S.Ct. 2882, 2889-90, 69 L.Ed.2d 800 (1981). In addition, the county administrator must provide a written copy of the his decision, if requested, and the decision then can be appealed. See § 7.00.07. Both of these factors distinguish the St. John’s County’s ordinance from the one challenged in Lakewood.
The majority determines that there is the potential for content-based discrimination with regard to political message signs and on-premise signs, and that this creates a prior restraint problem. Although I agree that St. John’s County makes an impermissible distinction between commercial and non-commercial speech when regulating on-premise signs, I do not agree that this is a prior restraint issue. The process for receiving a sign permit is explained in detail, based on objective factors, and open to judicial review. In fact, the criteria are announced clearly enough for this court to rule on the substance of the code based on the face of the ordinance.
*1294 Moreover, this court has held that county regulations that address the number, size and construction of outdoor signs are permissible. See Granite State Outdoor Advertising, Inc. v. City of Petersburg, Fla., 348 F.3d 1278, 1282 (11th Cir.2003). There, the city also drew distinctions between on-premise and off-premise advertising. The distinction in the ordinance required the city examiner to review the content of any proposed sign to determine if it met the ordinance’s requirements, although the city claimed that the review was not for viewpoint. Id. at 1282, n. 3. Nonetheless, the court found that such minimal content based distinctions did not make the provision an impermissible prior restraint. Id. at 1282. The existence of a content review, in itself, did not vest administrators with unbridled discretion because the review was based on objective factors. Here, we review a similar sign regulation procedure. Although the ordinance may infringe on first amendment protections by making impermissible distinctions between types of speech, it does not vest administrators with too much discretion.[1]
II. Content Based Distinctions
I agree with the majority that St. John’s County may not favor commercial messages over political messages. See Metromedia, 453 U.S. at 513, 101 S.Ct. at 2895. However, I partly disagree that the ordinance challenged here does so. The majority determines that the county’s ordinance favors commercial speech for two reasons: first, political speech is limited to signs no more than 32 square feet but commercial speech can be placed on larger billboards; and second, the ordinance prohibits political speech from being posted on an “on-premise” sign. I disagree that the St. John’s County ordinance does the former, but agree that it does the latter.
On the first point, the plain text of the St. John’s ordinance permits both commercial and political messages on billboards, which can be as large as 560 square feet. Section 7.01.03 regulates the size of billboards and contains no reference to the content. Section 7.03.01, by contrast, regulates special use signs. That section does not apply to billboards and expands the areas where political signs may be placed. That section states, in relevant part:
The following Signs shall be allowed in addition to other Signs allowed by this Code and are subject to the provisions contained herein and violation of these provisions shall result in a violation of this Code....
*1295 L. Political Message Signs, limited to thirty-two square feet, except those in residential districts which shall not exceed six (6) square feet.
(Emphasis added).
The majority concludes that this section limits political message signs to thirty-two square feet, a size much smaller than the 560 square feet permitted for billboards. The most natural reading of the ordinance, however, leads to a different interpretation. Billboards, as large as 560 square feet, may contain political or commercial messages under § 7.01.03. Other signs bearing political messages are allowed in addition to billboards, but are limited to 32 square feet under § 7.03.01. In short, the political message signs provision in § 7.03.01 does not limit the size of political messages on billboards, but simply permits signs other than billboards. If residents of St. John’s County wish to publicize political views, they can do so on a 560 square foot billboard or on smaller signs in residential areas.
On the second point, I agree with the majority that the county’s ordinance favors commercial speech over political speech in regulating on-premise signs. Here, the county restricts non-commercial speech where it permits commercial speech, and, thereby, provides less protection to “core” speech in violation of the Metromedia rule. For the above reasons, I concur in part and dissent in part with the majority opinion.

. The majority notes that the ordinance's process is not content-neutral because the appeal’s procedure required the County to make content-based decisions. Section 7.00.08. states that:
In any case where the message or content of the proposed Sign affected the denial of the permit, the County shall bear the cost of initiating the case with the Circuit Court and shall also bear the burden of justifying the denial. In all other cases, the applicant shall have the burden to initiate the Circuit Court appeal, as provided by law.
Although this provision demands a content-based analysis, it is not an impermissible pri- or restraint. First, there is not a Metromedia violation because commercial speech is not advantaged over non-commercial speech. Rather, the provision establishes a preference for "core” speech by making the county bear the burden of proof and costs of initiating cases in circuit court if a denial is based on the content of the message. Second, in Freedman v. Maryland, the Supreme Court required municipalities to "bear the burden of going to court to suppress speech and must bear the burden of proof once in court.” FW/ PBS v. City of Dallas, 493 U.S. 215, 227, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990) (citing Freedman, 380 U.S. 51, 58-60, 85 S.Ct. 734, 738-40, 13 L.Ed.2d 649 (1965)). The county was most likely attempting to write its code to meet this Freedman requirement.